UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRENT E. JACKSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, INDIANA )<br>STATE PRISON, )<br>)<br>Respondent. ) | CAUSE NO. 3:09-CV-0287 WL |

**OPINION AND ORDER**

On June 25, 2009, Petitioner Brent Jackson filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2003 Greene County convictions for Conspiracy to commit dealing in a schedule II controlled substance, theft, and resisting law enforcement. (DE 1). On August 20, 2003, the Green Superior Court sentenced Jackson to eighteen years for dealing in a schedule II controlled substance, three years for theft, and one year for resisting law enforcement. (DE 11-1 at 8)

Jackson appealed his convictions, but later moved to dismiss his appeal, and on February 6, 2004, the Indiana Court of Appeals granted his motion to dismiss his appeal. (DE 11-3 at 2). On January 31, 2005, Jackson filed a petition for post-conviction relief. The trial court denied relief and Jackson appealed the denial of post-conviction relief. On July 3, 2008, the Indiana Court of Appeals dismissed his appeal for failure to file an appellant's brief. (DE 11-7).

The Respondent argues that Jackson's petition for writ of habeas corpus was not timely filed and, in the alternative, that he has not exhausted his state court remedies.

Modern habeas corpus law establishes several technical doctrines, including exhaustion, procedural default, and the statute of limitations, which a court must consider before reaching the merits of an applicant's claims. Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the state's highest court where that review is normal, simple, and an established part of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999).

Failure to exhaust available state court remedies constitutes a procedural default. Procedural default occurs when the state court addressing the petitioner's claim disposed of it on an adequate and independent state law ground. *Coleman v Thompson*, 501 U.S. 722, 729-32 (1991). Federal courts may not review a question of federal law decided by a state court if the state court's decision rests on state law grounds that are independent of the federal question and adequate to support the judgment. *Id.* at 729; *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999). The independent and adequate state ground doctrine applies to "bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30; *Franklin*, 188 F.3d at 881. That is because "[f]ederal habeas relief is available only

when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court, or when the default would lead to a fundamental miscarriage of justice." *Franklin*, 188 F.3d at 881-82 (quoting *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir.1997)). To avoid a procedural default on exhaustion grounds, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan v. Boerckel*, at 844.

Jackson voluntarily dismissed his direct appeal, so the Indiana appellate courts did not have the opportunity to review on the merits the issues presented in his direct appeal. The Indiana Court of Appeals dismissed Jackson's post-conviction appeal on July 3, 2008, because the "Appellant has filed to file Appellant's Brief and Appendix." (DE 11-7). The independent and adequate state ground doctrine applies to "bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729-30; *Franklin*, 188 F.3d at 881.

Accordingly, the Indiana appellate courts did not review the claims presented in the appeal from the denial of Jackson's petition for post-conviction relief because he procedurally defaulted those claims. The petitioner has not filed a Traverse suggesting cause and prejudice for the failure to exhaust his state court remedies, nor does he suggest a fundamental miscarriage of justice. Accordingly, the Petitioner has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1). Because it is dismissing this petition on exhaustion grounds, the court will not address the Respondent's statute of

limitations arguments.

For the foregoing reasons, the court the court **DISMISSES** this petition.

SO ORDERED on December 1, 2009.

                                         s/William C. Lee
                                        William C. Lee, Judge
                                        United States District Court